1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

8 | UNITED STATES OF AMERICA,

9 |        Plaintiff,                                    No.  CR 04-217 PJH

10 |                                                     Related Cases CR 98-0165 PJH
                                                                      CR 99-0204 PJH
11 |        v.
                                                       **ORDER RE: GOVERNMENT'S MOTION
12 |                                                    TO DISMISS WITHOUT PREJUDICE**

13 |
     BEAU LEE LEWIS,
14 |
            Defendant.
15 | _____/

16        The government's motion to dismiss the indictment without prejudice came on for

17 | hearing before this court on September 24, 2008.  The government appeared through its

18 | counsel, Special Assistant United States Attorney Robert S. Anderson.   Defendant Beau

19 | Lee Lewis ("Lewis") appeared through his counsel, Dean Paik.  Because the government

20 | raised an issue in its reply brief that it did not advance in its opening motion, and Lewis

21 | therefore had not had an opportunity to respond to it, the court ordered supplemental

22 | briefing on the issue following the September 24, 2008 hearing.  The court has considered

23 | the parties' papers, the arguments, and the legal authority, and rules as follows.

24                                         **BACKGROUND**

25        At the outset, the court notes that this criminal case and the above related criminal

26 | cases were originally assigned to the Honorable Martin J. Jenkins.  The cases were

27 | reassigned to the undersigned judge on April 25, 2008, following Judge Jenkins' departure

28 | from the court.

United States District Court
For the Northern District of California

**United States District Court**

For the Northern District of California

1   **1.**      **Factual Background**

2           Lewis' conviction arose from an extensive government investigation of wildlife

3   smuggling by Malaysian dealer, Anson Wong.  In 1994, the Fish and Wildlife Service

4   ("FWS") initiated an undercover operation by which it constructed a faux-wildlife importation

5   and wholesale business, called "PacRim," as part of an elaborate sting aimed at trapping

6   Wong.  Two years prior to PacRim's inception, Wong had been indicted by a federal grand

7   jury in Florida, but could not be extradited to the United States because the United States

8   did not have an extradition treaty with Malaysia at the time.  Investigators hoped to lure

9   Wong to the United States or to a country from which he could be extradited to the United

10  States with PacRim.

11          Via PacRim, the government purchased several shipments of legal reptiles from

12  Wong.  To dispose of the animals it acquired, the government placed an advertisement in

13  "Reptiles" magazine seeking buyers.  In 1995, Lewis, an eighteen year-old herpetologist

14  who ran a small reptile business out of his Arizona home, previously unknown to

15  investigators, responded to one of the ads.

16          Over the next few years, Lewis and Special Agent George Morrison developed a

17  cordial business relationship, speaking frequently over the phone, and at times, Morrison

18  visited Lewis at his Arizona home.  Initially, the business relationship concerned only the

19  legal purchase and sale of reptiles.  However, Lewis then questioned Morrison about the

20  possibility of acquiring gray monitor lizards, a protected species, in addition to other reptiles

21  that were protected by federal law.  Soon after, Lewis advised Morrison that he was

22  importing lizards from Wong's operation in Malaysia, and that he had spoken with Wong

23  personally many times.

24          Before long, Lewis, Wong, and other coconspirators, including Robert Paluch and

25  Jeffrey Miller, who are referred to as the "Arizona codefendants," were smuggling in

26  shipments from Wong under Morrison's direct scrutiny.  Over a two-year period, Morrison

27  documented six Federal Express ("Fedex") shipments of 125 illegal reptiles from Malaysia

28  to Arizona, which gave rise to the charges in what has been referred to by the government

2

United States District Court

For the Northern District of California

1    as the "Fedex case."  With the help of another courier and codefendant, James Michael

2    Burroughs, Lewis also smuggled two more shipments of protected beaded lizards into the

3    United States from Mexico, via Texas.  Lewis and Burroughs were subsequently arrested

4    and indicted in July 1998.  Burroughs subsequently pled guilty.

5          The sting concluded in September 1998 when Morrison convinced Wong to travel to

6    Mexico for a meeting.  Mexican officials arrested Wong at that time, but he fought

7    extradition, and was ultimately extradited to the United States approximately two years

8    later.  Wong subsequently pled guilty and cooperated with the government in its

9    prosecution of Lewis and Paluch.

10          Arizona codefendants Miller and Paluch were not indicted until July 1999.  Miller

11    pled guilty and testified during Lewis' and Paluch's trial.  Both Lewis and Paluch were

12    convicted.

13    **2.       Procedural Background**

14           Lewis was arraigned on October 1, 1998, and subsequently convicted by a jury on

15    March 16, 2001, of several wildlife smuggling felonies.  Judge Jenkins sentenced Lewis to

16    36 months in prison and three years of supervised release.  Lewis appealed his conviction

17    on several grounds, including Judge Jenkins' denial of his motion to dismiss the indictment

18    based on Speedy Trial Act ("STA") violations.  On November 13, 2003, the Ninth Circuit

19    held that Lewis' STA rights were violated because one of numerous periods of pretrial

20    delay challenged by Lewis,  the 117-day period from January 13, 2000 until May 9, 2000,

21    could not serve as a basis for excluding time under § 3161(h)(1)(F).  *United States v.*

22    *Lewis*, 349 F.3d 1116, 1121 (9th Cir. 2003) ("*Lewis I*").  The court held that "[w]hether

23    Lewis may be re[]indicted depends on whether the dismissal is with or without prejudice,"

24    and remanded the case to the district court to determine which type of dismissal was

25    appropriate.  *Id.* at 1122.

26          On remand, on April 29, 2004, in assessing the degree of prejudice suffered by

27    Lewis, Judge Jenkins considered the 117 days that the Ninth Circuit had concluded

28    constituted an STA violation, and after assessing the relevant factors under 18 U.S.C. §

3162(a)(2), determined that the dismissal should be without prejudice.  In doing so, Judge

Jenkins rejected Lewis' request to make specific findings regarding the other periods of

pretrial delay that Lewis had challenged in his appeal before the Ninth Circuit, but which the

Ninth Circuit did not address in its order remanding the case.  Judge Jenkins stated that

"the Ninth Circuit made its decision.  That's the record.  I'm not looking behind that."

The government then reindicted Lewis on six felony charges related to the alleged

wildlife smuggling.  On March 26, 2005, a jury again convicted Lewis on several of the

charges.  On October 14, 2005, Judge Jenkins sentenced Lewis to twenty-three months in

prison.

Lewis again appealed his conviction to the Ninth Circuit.  On March 13, 2008, the

Ninth Circuit reversed and remanded the case for a second time.  518 F.3d 1171 (9th Cir.

2008) ("*Lewis II*").  It held that "[t]he district court erred by incorrectly reading *Lewis I* as

limiting its review to the discrete 117-day period that [the Ninth Circuit] found sufficient to

violate the STA."  *Id.* at 1176-77.  The appellate court reasoned that although, in *Lewis I*, it

"did not find it necessary to reach the other periods of delay that Lewis argued were

unexcludable under the STA," that the district court should nevertheless have considered

*all* of the alleged periods of delay on remand.  *Id.* at 1176.  The appellate court held that the

case was again

> remand[e]d to the district court to review the entirety of the pre[]trial delay
> suffered by Lewis and to *make specific findings as to which periods are
> excludable under the STA*.  In our view, these additional periods of delay may
> have exacerbated the prejudice to Lewis, only one aspect of which – loss of
> original trial counsel – we mentioned in *Lewis I*.  Only after making *clear and
> specific findings as to excludability* may the district court then turn to weighing
> the statutory factors in assessing whether to dismiss the second indictment
> with or without prejudice.  If the district court again dismisses the indictment
> without prejudice, we will consider Lewis' other claims of error.

*Id.* at 1177 (emphasis added); *see also id.* at 1176 (noting that "Lewis, however, was

entitled upon remand to a full consideration of all periods of nonexcludable delay during the

district court's prejudice determination."); *but see id.* at 1178-79 (in dissent, noting that the

majority opinion requiring calculation of precise number of days excluded is a novel

approach not supported by precedent).  The Ninth Circuit retained jurisdiction over the

4

appeal.

Soon after the second remand, in April 2008, Lewis' cases were reassigned to the undersigned judge.  Subsequently, on May 28, 2008, the court set a briefing schedule and a hearing date.  In accordance with the Ninth Circuit's directive, the court advised the parties that it would decide the issue in two stages.  The court ordered the parties to first brief the issue regarding the excludability of all of the periods of pretrial delay, and advised that once the first motion was resolved, it would entertain briefing on the issue of whether or not the dismissal should be with or without prejudice.

This order pertains to only the first issue:  the excludability of the periods contested by Lewis.

**DISCUSSION**

**1.   Legal Standards**

The Speedy Trial Act generally requires that trial begin within seventy days of a defendant's indictment or his first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1).  If trial does not begin within the requisite time period and the defendant moves for dismissal prior to trial, the court must dismiss the indictment, either with or without prejudice. 18 U.S.C. § 3162(a)(2).  Other provisions of the Act, however, allow for tolling of the 70-day period under specified circumstances.

**A.   Section 3161(h)(1)(F)**

This section allows the district court to exclude any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(F).  The Ninth Circuit has held that § 3161(h)(1)(F) should be reviewed in conjunction with § 3161(h)(1)(J).  *See United States v. Medina*, 524 F.3d 974, 978 (9th Cir. 2008).

18 U.S.C. § 3161(h)(1) provides, in pertinent part:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to–

United States District Court

For the Northern District of California

. . .

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
. . .

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

In interpreting the Speedy Trial Act, the Supreme Court has established that there are two different types of pretrial motions, those that require a hearing, and those that do not. *See Medina*, 524 F.3d at 978 (discussing *Henderson v. United States,* 476 U.S. 321, 329-30 (1986)).  Under *Henderson,* a court "must read § 3161(h)(1)(F) and (J) together in determining what periods of delay are excluded for each type of pretrial motion." *Id.*  "In brief, if a pretrial motion does not require a hearing, the period from the date the motion was taken under advisement until the court rules on the  motion, but no more than 30 days, may be excluded."  *Medina*, 524 F.3d at 978 (citing *Henderson,* 476 U.S. at 329).

On the other hand, if a pretrial motion is of the sort that requires a hearing, a district court must exclude the following periods of delay: (i) the period from the date the motion was filed to the conclusion of the hearing, *Henderson,* 476 U.S. at 329-30; (ii) the period from the conclusion of the hearing until the date the district court "receives all the submissions by counsel it needs to decide that motion," *id.* at 330-31; and (iii) the period from the last day of the period described in (i) or (ii), as applicable, until the court rules on the motion, but no more than 30 days.  *Medina*, 524 F.3d at 978; *see also United States v. Sutter,* 340 F.3d 1022, 1030 (9th Cir. 2003).  In general, the district court must exclude these periods of delay whether or not the delay was reasonably necessary.  *Id.* (citing *Henderson,* 476 U.S. at 330, and *United States v. Clymer,* 25 F.3d 824, 830 (9th Cir. 1994)) ("Where delay in commencing a trial results from the pendency of a motion . . . the delay will automatically be excluded from the Speedy Trial Act calculation, no matter how unreasonable or unnecessary that delay might seem.").  Moreover, the district court must exclude time while the motion is pending even if the court ultimately does not hold a

United States District Court

For the Northern District of California

1  hearing or rule on the motion.  *Id.* (citing *United States v. Gorman,* 314 F.3d 1105, 1115

2  (9th Cir. 2002) (holding that the district court properly excluded the nearly 10-month period

3  between defendant's filing of a motion to exclude evidence and the defendant's entering of

4  a guilty plea even though the court never ruled on the suppression motion)) . "Congress

5  clearly envisioned that any limitations [on the exclusion of time while the pretrial motion is

6  pending] should be imposed by circuit or district court rules rather than by the statute itself."

7  *Henderson,* 476 U.S. at 328.

8          The Ninth Circuit has identified two exceptions to this general rule that a district court

9  must exclude all time during the pendency of a pretrial motion that requires a hearing.

10  *Medina,* 524 F.3d at 979.  First, if a district court continues a motion until after trial, the

11  court may not exclude the time during which the postponed motion is pending.  *Id.* (citing

12  *Lewis*, 349 F.3d at 1121-22, and *Clymer,* 25 F.3d at 830). The second exception is for

13  certain pro forma motions to compel discovery where the motions require no decision by

14  the district court "unless and until future discovery disputes ar[i]se."  *Id.* (citing *Sutter*, 340

15  F.3d at 1029-32).  If such a discovery motion is not "continued until a date certain or the

16  happening of an event certain," then the motion is deemed to be "under advisement," for

17  purposes of § 3161(h)(1)(J), "as of the date of the last hearing or filing of supporting

18  papers, whichever is later."  *Id.* at 1031-32.  In such circumstances, the court may exclude

19  no more than 30 days.  *Id.* (citing *Henderson,* 476 U.S. at 329, and *Sutter,* 340 F.3d at

20  1030).

21      **B.      Section 3161(h)(7)**

22          Section 3161(h)(7) excludes from the 70-day period, "[a] reasonable period of delay

23  when the defendant is joined for trial with a codefendant as to whom the time for trial has

24  not run and no motion for severance has been granted."

25          It is well-established that an exclusion from the Speedy Trial clock for one defendant

26  applies to all codefendants.  *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999).

27  The attribution of delay to the joinder of a codefendant, however, is limited by a

28  reasonableness requirement.  *Id.*  The purpose of § 3161(h)(7) is "'to facilitate the efficient

use of judicial resources by enabling joint trials where appropriate.' " *Id.* at 338 (quoting *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999)).  The Speedy Trial Act assigns district courts an independent responsibility to protect both the defendant's and the public's strong interest in the timely administration of justice.  *Id.* at 337.

In undertaking to determine the reasonableness of delay under Section 3161(h)(7), "courts look particularly to whether the delay was necessary to achieve its purpose [of effectuating joint trials] and to whether there was any actual prejudice suffered by the [defendant]."  *Id.* The court gauges "the reasonableness of delay on a case by case basis, given the fact-bound nature of the inquiry."  *Id.*  The defendant is not required to demonstrate "both that the delay was not necessary to achieve § 3161(h)(7)'s purpose and that the defendant suffered actual prejudice in order to show that the delay was unreasonable." *Id.* "[T]he proper test is whether the totality of the circumstances warrants a conclusion that the delay was unreasonable." *Id.* at 338.  Factors to be considered include whether the sheer length of the delay was so egregious as to call into question its reasonableness, the defendant's failure to move to sever his or her case from that of a codefendant or otherwise to assert his or her speedy trial rights, and whether the defendant was free on bond during the delay.  *Id.*

In *Messer*, the Ninth Circuit also implied that where § 3161(h)(7) exclusions are at issue, that it is not necessarily appropriate to "parse the delay into . . . blocks of time corresponding to the . . . continuances and [to] determine whether the district court was justified in granting each continuance."  *Id.* at 339 n.12.  It held, though, that such parsing or subdivision of blocks of time was "sensible when exclusions other than § 3161(h)(7) are at issue because they do not have a reasonableness requirement . . . [and] it is necessary only to provide a justification for the particular delays in question."  *Id.*  However, because the delay must be reasonable under § 3161(h)(7), the court held that "the reasonableness inquiry would be reduced to little consequence if the context in which the delay occurred were considered irrelevant."  *Id.*

**United States District Court**
For the Northern District of California

**C.      Section 3161(h)(8)**

This section is the broadest of all of the provisions allowing for exclusion of time. Wright, King, Klein, 3B, Federal Practice & Procedure § 883 at 421 (2004 ed. & suppl).  It excludes delay resulting from a continuance granted by the judge on the basis of his finding that the "ends of justice " served by taking that action outweigh the best interest of the public and the defendant in a speedy trial.  *Id.*

18 U.S.C. § 3161(h)(8) provides, in pertinent part:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

. . . .

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for

9

United States District Court

For the Northern District of California

1    effective preparation, taking into account the exercise of due diligence.

2         In the Ninth Circuit, the district court must satisfy two requirements whenever it

3    grants an "ends of justice" continuance: (1) the continuance must be specifically limited in

4    time; and (2) it must be justified [on the record] with reference to the facts as of the time the

5    delay is ordered. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (citing *United*

6    *States v. Jordan*, 915 F.2d 563, 565-66 (9th Cir. 1990)); *accord Clymer*, 25 F.3d at 828.

7    Accordingly, the district court "must conduct an appropriate inquiry to determine whether

8    the various parties actually want and need a continuance, how long a delay is actually

9    required, what adjustments can be made with respect to the trial calendars or other plans

10   of counsel, and whether granting the requested continuance would 'outweigh the best

11   interest of the public and the defendant[s] in a speedy trial." *See Lloyd*, 125 F.3d at 1269.

12        When granting a continuance under the Speedy Trial Act's "ends of justice"

13   exception, a district court may not simply credit vague statements by one party's lawyer

14   about possible scheduling conflicts or the general desires for a continuance of other parties

15   or their attorneys; instead, it must conduct an appropriate inquiry to determine whether

16   various parties actually want and need a continuance, how long a delay is actually required,

17   what adjustments can be made with respect to trial calendars or other plans of counsel,

18   and whether granting the requested continuance would outweigh the best interests of the

19   public and the defendants in a speedy trial. *Id.* However, if the district court fails to make

20   simultaneous "ends of justice" findings, the delay may still be excludable if the district court

21   "later shows that the delay was motivated by proper considerations." *United States v.*

22   *Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000).

23   **2.      Standard of Review**

24        At the outset, the court acknowledges that it has struggled to determine its role and

25   the scope of its review on remand.  A number of factors have contributed to this struggle,

26   including the ambiguity of the Ninth Circuit's remand order.  Significantly, neither the parties

27   in their papers, nor the Ninth Circuit in its remand order, addressed the fact that Judge

28   Jenkins had indeed ruled on the bases for excluding *all* periods of pretrial delay on at least

United States District Court

For the Northern District of California

two occasions.  Not only did Judge Jenkins find particular grounds for each period of excludable time at the time each continuance was requested, but on the record on February 1, 2001, in conjunction with Lewis' motion to dismiss based on STA violations, Judge Jenkins revisited and comprehensively set forth the bases for excluding each period of pretrial delay, at times in more detail than he had in his original rulings.

Neither the majority in *Lewis I* nor in *Lewis II* addressed this fact, as pointed out by the dissent in *Lewis II*.

> The majority notes that on remand, Lewis asked the district court to make specific findings as to whether each period of delay he challenged was excludable under the Act, and labels the district court's failure to do so a 'misconstruction of our mandate' in *Lewis I*.  But the trial judge made precisely such findings before Lewis' first trial, deeming all such periods excludable.  In *Lewis I*, we held that the district court erred with respect to one 117-day period, *but we never implied that this error tainted its findings with respect to the other periods.*  As such, I do not believe it was necessary for the trial judge to reconstruct its prior work on remand.  Indeed, such an exercise would be redundant.  When Lewis requested that the district court reissue specific findings on these other periods, the court acknowledged its previous conclusions and declined to revisit them.  I find nothing in the Speedy Trial Act or our decision in *Lewis I* to prohibit such a course of action.

518 F.3d at 1179 (emphasis added).

As the dissent points out, the majority opinion did not indicate whether or not, aside from the 117-day period found to have been erroneously excluded, Judge Jenkins erred with respect to the other periods of pretrial delay that he found excludable.  Moreover, there is further ambiguity with respect to the 117-day period in that the panel majority addressed only one of multiple bases for excluding time during that period -- § 3161(h)(1)(F) -- even though Judge Jenkins excluded time during that period on other grounds as well - § 3161(h)(7).  The Ninth Circuit did not specify whether, on remand, this court should consider other bases that may exist for excluding time during that 117-day period.

These ambiguities are further complicated by the fact that Judge Jenkins is no longer present on this court and presiding over this case.  Presumably, at the time the Ninth Circuit remanded the case for a second time in *Lewis II*, it assumed that Judge Jenkins would be handling the remand.  This court has therefore attempted to discern what the Ninth Circuit intended for Judge Jenkins to do on remand.  Specifically, did the

appellate court simply intend for Judge Jenkins to *clarify* the bases for his prior rulings – or did it intend that Judge Jenkins revisit *de novo* his rulings regarding each of the excludable periods?[1]  In other words, it is unclear under what standard this court, standing in Judge Jenkins' shoes, is to review the issues.

Because the parties failed to discuss this court's role on remand in their papers, the court discussed the issue in some detail on the record at the September 24, 2008 hearing. The parties similarly struggled with this issue but ultimately agreed that the most prudent course of action would be for the court to review *de novo* each excludable period.  They further agreed that, in spite of the Ninth Circuit directive that this court "review the *entirety* of the pretrial delay suffered by Lewis,"  this court need review *only* those periods of pretrial delay that are actually contested by Lewis.  The parties, however, could not agree regarding whether this court should consider other bases for excluding the 117-day period that the Ninth Circuit concluded was unexcludable under § 3161(h)(1)(F).

In light of the ambiguity, this court has attempted to *clarify* Judge Jenkins' findings as to each pretrial period of excludable delay – and, where available, has set forth both Judge Jenkins' original ruling and his February 1, 2001 ruling on Lewis' motion to dismiss. Additionally, the court has also set forth its own *de novo* findings as to each contested period.

**3.      Parties' Positions Generally**

It is the government's position that from October 1, 1998, when Lewis first appeared in the case, until February 20, 2001, when the trial commenced, only 144 days went untolled under the STA.  Those 144 days include twenty-seven days from March 18, 1999 until April 15, 1999,[2] which the government concedes were not excluded, in addition to the 117 days from January 13, 2000 until May 9, 2000, the period that the Ninth Circuit

---

[1] This court finds that the appellate court's remand order could be interpreted either way.

[2] The court notes that there are actually 28 days from March 18, 1999 until April 15, 1999.

United States District Court

For the Northern District of California

1    concluded could not be excluded under § 3161(h)(1)(F).

2          Lewis, however, did not provide the court with any calculations regarding the amount

3    of time that he contends went untolled.  However, it appears to the court based on its own

4    calculations that Lewis contends that approximately 437 days went untolled during the

5    period from October 1, 1998 until July 13, 2000, when Lewis' current attorney, Dean Paik,

6    entered the case.[3]  Lewis clarified at the September 24, 2008 hearing that he is *not*

7    challenging any periods of pretrial delay following Paik's entry into the case on July 13,

8    2000.

9          In his papers, Lewis also failed to address the periods of pretrial delay individually.

10   He argues that this court shouldn't parse the delay into finite blocks of time but should

11   instead look at the delay as a whole.  That is in part because Lewis focused exclusively on

12   one basis for excluding time, § 3161(h)(7).  As noted above in the legal standards, under §

13   3161(h)(7), such a holistic approach may be appropriate under certain circumstances.  *See*

14   *Messer*, 197 F.3d at 339.  However, Judge Jenkins found *multiple* bases for excluding time,

15   including under §§ 3161(h)(8) and 3161(h)(1)(F).  Unlike under § 3161(h)(7), under other

16   applicable sections of the Act, it is not necessarily appropriate for the court to look at the

17   delay as a whole.

18         Lewis, however, contends that in this case, any § 3161(h)(8) "ends of justice" or

19   complexity basis for excluding time should instead be analyzed under § 3161(h)(7).  At the

20   hearing on this motion, Lewis clarified that he was arguing that any § 3161(h)(8) exclusion

21   would be based on his codefendants' or on the government's needs - and not on his – and,

22   therefore, any § 3161(h)(8) exclusion is essentially "trumped" or subsumed by the §

23   3161(h)(7) exclusion.  The court has discussed this issue in more detail in its analysis

24   below.

25         In terms of his § 3161(h)(7) argument generally, Lewis contends that it was

26   unreasonable to exclude time under this section based on the government's desire to try

27   _____

28         [3]As discussed in more detail later in this order, Lewis' former appointed trial counsel,
     Peter Robinson, was relieved in July 2000, when he moved to The Hague.

United States District Court

For the Northern District of California

him with codefendants Wong, Paluch, and/or Miller.  Lewis contends any delay based on the desire to try him with Wong was reasonable only for a five-month period, from the time he was indicted in October 1998 until February 1999, at which point he contends that it became clear that it was sufficiently uncertain regarding when and if the government would be able to extradite Wong.  He asserts that after February 1999, a § 3161(h)(7) exclusion based on the anticipated extradition of Wong was unreasonable.

Turning to Paluch and Miller (the "Arizona codefendants"), Lewis also argues that it was unreasonable for the court to exclude any additional time under § 3161(h)(7) to enable him to be jointly tried with them because at the time Paluch and Miller entered the case on July 14, 1999, Lewis' trial had already been delayed by nearly ten months due to extradition efforts as to Wong.  Lewis contends that he should not have been "carried along" in the continuances associated with Paluch and Miller's trial preparation.

Lewis argues that as a result of all of the delays, he was prejudiced because he lost his first trial counsel.  Without specifying how much delay he contends was not excludable, Lewis argues that the sheer length of the delay calls into question its reasonableness. Additionally, Lewis notes that he consistently and repeatedly asked for a speedy trial. Finally, he contends that there were few if any benefits to judicial efficiency in trying him with Wong.  He asserts that he would have stipulated to "essentially all the complex factual and legal issues related to Wong."

In response, the government argues that Lewis' willingness to so stipulate in a complex case was meaningless because it was not required to accept the stipulations, and the other non-severed defendants may have been unwilling to so stipulate.  It also argues that Lewis' counsel's expressions of his readiness for trial were similarly meaningless until Lewis actually moved to sever his trial on December 17, 1999, fifteen months after he was indicted.  The government further contends that the continuances based on efforts to extradite Wong were reasonable in order to preserve the possibility of a joint trial.  The government also notes that Lewis was free on bond during the entire pendency of the

matter, was permitted to travel, and was excused from routine court appearances.[4]

**4.     Analysis**

     **A.     Court's Approach**

     The court rejects Lewis' invitation to consider only the delay "as a whole" as contrary to the Ninth Circuit's directive on remand.  The Ninth Circuit was very clear that this court is required to make "clear and specific findings" as to "which periods are excludable."  518 F.3d at 1177.  The Ninth Circuit was explicit that this court must consider and make findings regarding the statutory bases that exist for excluding time period-by-period.  *See id.* ("[i]f the district court determines the other periods to be excludable, it should make clear findings as to the statutory bases for their exclusion to enable us to conduct meaningful appellate review").  Once the court has evaluated the appropriate statutory bases for excluding time during each period, and to the extent that those bases include § 3161(h)(7), then the court may look at the delay as a whole, as advocated by Lewis, as pertains to any valid § 3161(h)(7) exclusions.  *See Messer*, 197 F.3d at 339.

     **B.     Specific Time Periods**

     The court provides a chart summarizing the relevant time periods, followed by a detailed description of each of the specific time periods, Judge Jenkins' rulings with respect to those periods, the parties' arguments regarding the specific periods, and this court's *de novo* findings as to each period.

| Time Period | Number of Days | Whether disputed |
|---|---|---|
| October 1, 1998 - February 11, 1999 | 134 | Not contested |
| February 11, 1999 - March 18, 1999 | 36 | Contested by Lewis |

---

[4]In its reply, the government takes a position that is inconsistent with its moving papers regarding when the § 3161(h)(7) exclusions ceased to be based on joining Wong.  In its opening papers, the government clearly stated that "as of January 13, 2000, defendant Wong was no longer subject to trial with defendant Lewis and there would have been no basis for the government to argue for any subsequent exclusions under § 3161(h)(7) due to joinder with him."  Motion at 14.  However, in its reply, the government subsequently stated that Wong's absence "stopped being a basis for pretrial delay about a year earlier – July 29, 1999 – when Judge Jenkins began excluding time for the newly added Arizona codefendants based on the complexity of the case."  Reply at 2.

| March 18, 1999 - April 15, 1999 | 28 | Not contested |
|---|---|---|
| April 15, 1999 - May 6, 1999 | 21 | § 3161(h)(1)(F) exclusion not contested by Lewis |
| May 6, 1999 - July 29, 1999 | 85 | Contested by Lewis |
| July 29, 1999 - August 5, 1999 | 8 | Contested by Lewis |
| August 5, 1999 - September 16, 1999 | 42 | Contested by Lewis |
| September 16, 1999 - December 13, 1999 | 88 | Contested by Lewis |
| December 13, 1999 - January 13, 2000 | 31 | § 3161(h)(1)(F) exclusion not contested by Lewis |
| January 13, 2000 - May 9, 2000 | 117 | Ninth Circuit ruled this period was not excludable under § 3161(h)(1)(F) |
| May 9, 2000 - June 8, 2000 | 29 | § 3161(h)(1)(F) exclusion not contested by Lewis |
| June 8, 2000 - July 13, 2000 | 35 | Contested by Lewis |
| July 13, 2000 - February 20, 2001 | 222 | Not contested |

### i.   October 1, 1998-February 11, 1999

Lewis was arraigned on October 1, 1998.  Both parties agree that on October 6, 1998, and December 3, 1998, Judge Jenkins excluded time under § 3161(h)(8) on the basis of complexity so that Lewis could prepare for trial.  Specifically, Judge Jenkins' October 6, 1998 order noted that:

> [B]ased upon the extensive allegations contained in the 83 page Superseding Indictment, spanning over 2 years, the scope of discovery outlined by the parties, including hundreds of tape recordings, and the nature of the offenses, that this case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limit established by the Speedy Trial Act.

Additionally, this court notes that in ruling on Lewis' subsequent motion to dismiss on February 1, 2001, Judge Jenkins confirmed that time during this period was excludable

1   under § 3161(h)(8).

2        Lewis does not challenge the exclusion of this period of time.

3                    **ii.    February 11, 1999-March 18, 1999**

4        At a February 11, 1999 status conference, the government noted that Wong had not

5   yet been extradited from Mexico and requested a 30-day continuance to extradite him.

6   Lewis, however objected to a continuance and advised the court that he was ready to

7   proceed to trial.  Judge Jenkins granted the government's request over Lewis' objection

8   and excluded time from February 11, 1999 until March 18, 1999 under § 3161(h)(7),

9   reasoning that Wong had not yet been arraigned, and therefore the seventy-day STA

10  period had not yet commenced.  See Govt. Exh. D.  Judge Jenkins did not make any

11  findings regarding this period in his subsequent February 1, 2001 ruling on Lewis' motion to

12  dismiss.

13       Lewis contests exclusion of this period.  At the September 24, 2008 hearing on this

14  motion, Lewis argued that by February 1999, the government had been predicting Wong's

15  appearance in the case for several months.[5]  Lewis contended that it was no longer

16  reasonable to exclude time based on the "hope" that Wong would appear.  Lewis further

17  contended that even if Wong had actually appeared in February 1999, Wong would still

18  have required yet another six months to prepare for trial, thus resulting in a delay of nearly

19  one year to Lewis.  Lewis argued that such delay would have been unreasonable.

20       In response, the government asserted that Wong was not the only potential

21  codefendant who justified the exclusion under § 3161(h)(7).  It noted that as of February

22  1999, codefendant Burroughs was still in the case, and had not yet pled guilty.  At that

23  time, Burroughs had not yet indicated his desire to plead guilty; and, unlike Lewis,

24  Burroughs did not represent that he was ready to proceed to trial.  Furthermore, the

25  government noted that at the February 1999 hearing, Lewis did not indicate that he was

26

27        _____

28        [5]Neither party ordered transcripts of the September 24, 2008 hearing, and therefore,
     none were prepared.  Accordingly, the court has relied on the court reporter's audiotape of the
     hearing.

United States District Court
For the Northern District of California

1   ready to go to trial immediately.  Instead, Lewis stated that he was ready to go to trial in 70

2   days.

3        **Judge Jenkins' Ruling(s):**  At the February 11, 1999 hearing, Judge Jenkins excluded

4   time during this period under § 3161(h)(7), based on the need to join Wong.  Judge Jenkins

5   did not subsequently rule on this period at the February 1, 2001 hearing on Lewis' motion to

6   dismiss.

7        **This court's findings:** The court finds that time is excludable under § 3161(h)(7)

8   based on the fact that Lewis was joined with Burroughs, time had not run on Burroughs,

9   and because the government was attempting to extradite Wong.  Moreover, the court notes

10  that Lewis' trial counsel was not actually ready to go to trial *on February 11, 1999*.  Instead,

11  he was ready to *set* the case for trial.  Additionally, Lewis conceded at the hearing on this

12  motion that codefendant Burroughs was not ready to plead guilty as of February 11, 1999.

13  In fact, a review of the docket reveals that Burroughs did not indicate his intent to plead

14  guilty until May 1999, and did not actually plead guilty until July 1, 1999.

15            **iii.    March 18, 1999-April 15, 1999**

16       Both parties agree that Judge Jenkins declined to exclude time from the March 18,

17  1999 status conference until May 6, 1999, the pretrial hearing date.

18       **Judge Jenkins' Ruling(s):**   Judge Jenkins declined to exclude time during this

19  period on any basis.

20       **This court's findings:**  The court similarly declines to exclude time during this

21  period.

22            **iv.    April 15, 1999 to May 6, 1999**

23       On April 15, 1999, the government filed two pretrial motions. Those motions included

24  a motion regarding the presentation of agent testimony and a motion to continue the June

25  7, 1999 trial to November 1999.  The motion to continue requested the court to continue the

26  trial based on Wong's absence and the complexity of the case, the need for joinder of the

27  defendants, and based on related cases and investigations taking place in Arizona and

28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  Texas.[6]

2       On February 1, 2001, Judge Jenkins found that time was excludable during this

3  period under § 3161(h)(1)(F), and in the interests of justice under § 3161(h)(8).

4       Lewis concedes that the period from April 15, 1999 to the May 6, 1999 hearing on

5  the government's motion to continue the trial may be excluded under § 3161(h)(1)(F).  *See*

6  Oppos. at 9, ll. 10-13.  At the September 24, 2008 hearing, though, Lewis noted that if it

7  became necessary to reach the § 3161(h)(8) issue, he would contest exclusion under that

8  sub-section.

9       **Judge Jenkins' Ruling(s):**   Judge Jenkins excluded time under §§ 3161(h)(1)(F)

10  and 3161(h)(8).

11       **This court's findings:** The court finds that time during this period is excludable

12  under § 3161(h)(1)(F) based on the government's motion to continue the trial, and that it is

13  therefore unnecessary to determine whether time is alternatively excludable under §

14  3161(h)(8) as well.

15            **v.    May 6, 1999- September 16, 1999**

16       At the May 6, 1999 hearing, Judge Jenkins granted the government's motion to

17  continue the trial, but found that only a ninety, as opposed to a 150-day continuance, was

18  warranted.  He set the case for trial on September 20, 1999.  Govt Exh. F.  Judge Jenkins

19  also ruled that time during this period was excludable under both § 3161(h)(7) and §

20  3161(h)(8).  As for § 3161(h)(7), Judge Jenkins found time excludable to permit Wong's

21  extradition and joinder.  Judge Jenkins further noted that he had considered the entire time

22  that the matter had been pending, and found with respect to both § 3161(h)(7) and §

23  3161(h)(8):

24        The degree of complexity. . . is certainly significant.  There are about 22
          overlapping counts with respect to Wong and Lewis.  There's an ongoing
25        investigation where discovery is still being provided in the Arizona matter, and
          there are counts coming from Texas which are not present here yet but

26

27        ───────────────

        [6]The motion regarding agent testimony was not resolved until the January 21, 2001
28  pretrial conference, and was also the subject of the Ninth Circuit's decision remanding this
    case in *Lewis I.*

United States District Court

For the Northern District of California

1    certainly in terms of economy and use of judicial resources makes sense to
2    have those matters transferred here for trial in the matter also.
     . . . .

3    That reflects the policy to foster [the] joining [of] trial[s] where possible.  In
4    addition, the prejudice to the defendant, if any, is slight at best, save and
     except the fact that I am sure, I have no doubt that Mr. Lewis wants to get to
5    trial and have these charges behind him one way or another as soon as
     possible.  But save and except that, the court does not find that there really is
6    any overarching prejudice in a way that would counterbalance the factors the
     court has set forth that favor the exclusion of time under 3167(h)(7).

7    Exh. F., May 6, 1999 Transcripts at 7-8.

8         In ruling on Lewis' subsequent motion to dismiss on February 1, 2001, Judge

9    Jenkins confirmed that time during the entire period from May 6, 1999 - September 16,

10   1999 was excludable under §§ 3161(h)(7) and (8).  However, because there were several

11   intervening events that occurred during this time period that this court finds relevant to its

12   speedy trial determination, the court sets forth the facts and arguments as they relate to

13   three sub-periods.

14                    ***Sub-period May 6, 1999 - July 29, 1999[7]***

15        Lewis argued at the September 24, 2008 hearing that based on the Ninth Circuit's

16   decision in *Hall*, 181 F.3d at 1062, where a complexity finding is made under § 3161(h)(8),

17   and the grounds for the finding may not necessarily apply to all codefendants, then the §

18   3161(h)(8) exclusion must be analyzed under § 3161(h)(7) for reasonableness, rather than

19   under § 3161(h)(8).  Lewis argued that he was improperly "carried along" with exclusions

20   that applied to other defendants.

21        As for this particular sub-period, Lewis contended that the § 3161(h)(8) finding did

22   not apply to him because he was ready to go to trial, and did not need any additional time

23   to prepare for trial.  He argued that it was no longer reasonable to carry him along based on

24   the government's hope that it would extradite Wong - or based on its desire to join him with

25   the Arizona and Texas codefendants.

26

27        [7]During this period, on July 14, 1999, the government filed a second superceding
28   indictment that added two codefendants, Miller and Paluch, to the case.  However, Lewis was
     not arraigned on the superseding indictment until August 11, 1999.

United States District Court
For the Northern District of California

1    The government argued that Lewis was indeed covered by Judge Jenkins' May 6,

2    1999 § 3161(h)(8) complexity finding.  It contended that if two out of three parties in a case

3    agree that a case is complex, and the court agrees that's the case, then the third dissenting

4    party is nevertheless bound by the complexity finding.  Alternatively, the government

5    asserted that even if Lewis was being "carried along" with other codefendants, it was

6    reasonable to do so because Lewis never moved for severance.  It noted that even if Lewis

7    stated a desire to go to trial, he did nothing to effectuate his separation from the other

8    codefendants, even Burroughs.

9    At the hearing, Lewis replied that he was the only defendant who was prepared for

10   trial, and that even before Burroughs had stated his intention to plead guilty, and after

11   Paluch, Miller, and Wong had been joined, "everyone else was 9/10 down the road" to a

12   plea agreement or to cooperating with the government.  Regarding reasonableness under §

13   3161(h)(7), Lewis reiterated the same argument that he made with respect to prior periods.

14   He contended that even if the government had been successful in joining Wong, Wong

15   would still have required additional time to prepare.

16   **Judge Jenkins' Ruling**: As noted, Judge Jenkins excluded time during the entirety

17   of this period under § 3161(h)(7) and § 3161(h)(8), and did not specifically address this

18   sub-period.

19   **This court's findings:** The court finds that time during this sub-period is excludable

20   under § 3161(h)(8).  In multi-defendant cases where time is excluded under § 3161(h)(8),

21   that exclusion also applies to an individual objecting defendant, especially where that

22   defendant has not moved to sever.  *See United States v. Daychild*, 357 F.3d 1082, 1091

23   (9th Cir. 2004) (holding that "[i]n assessing [speedy trial] exclusions, it is important to

24   recognize that any calculation affecting one defendant applies to the other [where, and]

25   because neither defendant filed a motion for severance"); *see also United States v. Butz*,

26   982 F.2d 1378, 1381 (9th Cir. 1993) ("an exclusion to one defendant applies to all

27   codefendants").

28   At the outset, the court notes that on May 6, 1999, Lewis was not actually being

21

United States District Court
For the Northern District of California

carried along with any codefendants because there were no codefendants to carry him along with.  Burroughs was set to plead guilty, and neither Wong nor the Arizona defendants had yet been joined.  However, even if there had been codefendants in the case at the time, the interests of Lewis' codefendants may justify a § 3161(h)(8) exclusion, even if Lewis himself did not agree that the case is complex or that additional preparation was necessary.  *See United States v. Dota,* 33 F.3d 1179, 1180-81 (9th Cir. 1994). Complexity does not depend on whether the case is complex for one side or another, but instead depends on whether or not the case *itself* is complex.  Sometimes a case is complex because of issues facing the government, sometimes because of issues facing one or more defendants, and sometimes because of issues facing all of the parties. Similarly, sometimes a defendants' trial preparation needs coincide with those of his codefendants, and sometimes they do not.

In *Dota,* a case that was not discussed by either party, the defendant, Dota, and four other codefendants were indicted on charges of conspiracy, murder for hire, and use of a firearm in connection with a crime of violence.  33 F.3d at 1180-81.  Dota was arraigned on January 27, 1992, and his codefendants were arraigned a couple of weeks later.  The trial was initially set for March 2, 1992; however, approximately two weeks prior to trial, one of the codefendants filed a motion to continue the trial based on his need to review large amounts of documentary and tape discovery and to conduct further investigation into the case.  *Id.* at 1182.  The other three codefendants and the government joined in the request, and agreed that a continuance was necessary.  *Id.*  Dota, however, objected to the request and sought to proceed to trial as scheduled.  *Id.*

The court granted the request under § 3161(h)(8), based on the interests of justice and on the codefendants' and the government's need for effective preparation of counsel. *Id.*  Specifically, the court found that the codefendants needed more time to review the voluminous discovery, conduct investigations, and prepare for trial; and that the government needed more time to complete its receipt and analysis of telephone, credit card, bank, and hotel records.  *Id.*  The investigations by all parties were apparently taking

United States District Court

For the Northern District of California

1    place in several locations, including Orange County, Las Vegas, and San Francisco. *Id.*

2    However, three of the codefendants ultimately pled guilty prior to trial.  Another

3    codefendant was acquitted, and Dota was the only defendant found guilty after trial.  Dota

4    then appealed the trial court's STA finding.

5        The Ninth Circuit held that the district court's decision to grant a continuance under §

6    3161(h)(8) was justified. *Id.* at 1183.  Contrary to Lewis' position here, the Ninth Circuit did

7    not inquire whether the § 3161(h)(8) exclusion was reasonable as to Dota under §

8    3161(h)(7).  Instead, it held that "an ends-of-justice continuance may be justified on the

9    grounds that one side needs more time to prepare for trial." *Id;[8] see also Butz*, 982 F.2d at

10   1381 (where a case is complex and involves multiple "codefendants and multiple overt acts

11   occurring in [multiple] states," . . .   this "outweigh[s] the interests of individual defendants,"

12   and serves the ends of justice as required by § 3161(h)(8)).

13       Here, a § 3161(h)(8) exclusion is justified based on the *complexity* of the case,

14   including the ongoing investigations in Arizona and Texas.  This case is unlike the *Hall*

15   case, relied on by Lewis. *See* 181 F.3d at 1059.  The Ninth Circuit's decision in *Hall*

16   centered largely on the fact that time was excluded under § 3161(h)(8) primarily to enable

17   the codefendant to complete plea negotiations with the government. *Id.* at 1063 (finding

18   that "the underlying aim [of the continuances] was to *eliminate* the need for a joint trial by

19   achieving a plea agreement between [the codefendant] and the government").  As noted

20   above, unlike *Hall*, there were no codefendants with whom Lewis was being "carried along"

21   _____

22       [8]In *Dota*, the Ninth Circuit declined to follow the Tenth Circuit's decision in *United States
     v. Theron*, 782 F.2d 1510 (10th Cir. 1986), in which the Tenth Circuit held that with respect to
23   a § 3161(h)(8) "ends of justice" continuance, the district court must balance justice against the
     interests of "the defendant" and the public, and *not* against the interests of the defendant's
24   codefendants.  33 F.3d at 1180-81.  Instead, the Ninth Circuit held to the contrary, asserting
     that in granting the § 3161(h)(8) continuance in *Dota*, "the district court properly considered
25   the needs of codefendants' counsel." *Id.*  The court stated that "trial delay due to the ends-of-
     justice continuance granted to codefendants applies to the defendant as excludable time." *Id.*
26   (citing *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993))*; see also* 9A Fed. Proc. §
     22:1326 (Sept. 2008) ("[a]n ends of justice continuance is justified pursuant to . . . . §
27   3161(h)(8)(B)(iv). . . , and the court properly considers the needs of *codefendants'* counsel to
     review large amounts of documentary and tape discovery, do follow-up investigation and
28   prepare for trial") (citing *Dota*, 33 F.3d at 1179).

**United States District Court**
For the Northern District of California

1   during this period, nor is there any indication that the continuance here was granted in

2   conjunction with any plea negotiations.

3          Moreover, the court finds that the Ninth Circuit's approach in analyzing the §

4   3161(h)(8) exclusion in *Dota* to be more applicable to this case than the approach it utilized

5   in *Hall*.  The exclusion of time here is justified under § 3161(h)(8), which itself does not

6   require this court to engage in any reasonableness inquiry.  Alternatively, even if this court

7   were to engage in a reasonableness inquiry, given the fact that there is a valid basis for a §

8   3161(h)(8) exclusion, the court finds that it is reasonable to apply that exclusion to Lewis

9   under the circumstances of this case.  *See, e.g., Butz*, 982 F.2d at 1381 (where an ends of

10  justice and/or complexity continuance under § 3161(h)(8) is valid in and of itself, such a

11  continuance will outweigh an individual objecting defendant's interests and may be

12  considered reasonable).

13                    ***Sub-period July 29, 1999-August 5, 1999***

14         After the government filed the July 14, 1999 second superceding indictment adding

15  Miller and Paluch to the case, Judge Jenkins held a status conference on July 29, 1999.  At

16  that conference, Judge Jenkins scheduled a further conference for August 11, 1999 to

17  determine the trial status of Miller and Paluch.  He also ordered that time between July 29,

18  1999 and August 11, 1999 be excluded based on the complexity of the case, presumably

19  under § 3161(h)(8), although he did not specify the particular section(s). Govt. Exh. G, July

20  29, 1999 transcripts at 4.  At the February 1, 2001 hearing on Lewis' motion to dismiss,

21  Judge Jenkins noted that time was excludable during this time period under § 3161(h)(7).

22  It is unclear from the transcripts whether Judge Jenkins subsequently agreed that time was

23  also excludable under § 3161(h)(8).

24         At the September 2008 hearing, Lewis noted that his arguments were the same with

25  respect to this sub-period as with the prior sub-period, even though Miller and Paluch had

26  since been indicted.  The government did not make any additional argument.

27         **Judge Jenkins' Ruling:** Judge Jenkins excluded time during this period under §

28  3161(h)(7), and it appears that he also excluded time under § 3161(h)(8), although he did

United States District Court

For the Northern District of California

1    not explicitly state that was the provision in support of his complexity finding.

2        **This court's findings:** The court similarly finds that time is excludable during this

3    sub-period under § 3161(h)(7) and § 3161(h)(8).

4                    ***Sub-period August 5, 1999 - September 16, 1999***

5        On August 5, 1999, the government filed a motion seeking a handwriting exemplar

6    from codefendant Miller.  That motion was set for hearing on September 2, 1999; however,

7    on September 2, 1999, Miller filed a statement of non-opposition, and the hearing was

8    vacated.

9        On August 11, 1999, Lewis was arraigned on the second superceding indictment

10   filed July 14, 1999, and pled not guilty.  The court also held a status conference that day.

11   At the conference, Lewis' counsel noted that Lewis had no pretrial motions to file and that

12   he was ready to go to trial on September 20, 1999.  Govt. Exh. H.  Judge Jenkins,

13   however, noted that Lewis had not filed a motion to sever his trial from that of codefendants

14   Miller and Paluch who had just recently been indicted and would presumably need more

15   time to prepare for trial.  *Id.*  In response, Lewis' counsel, then Peter Robinson,

16   nevertheless sought to maintain the September 20, 1999 trial date for Lewis, noting that he

17   would encounter difficulty if Lewis' trial was continued to the year 2000 because, beginning

18   August 1, 2000, Robinson was scheduled to begin work at the International War Crimes

19   Tribunal in The Hague.

20       Lewis' counsel also noted that he hadn't filed a motion to sever because the

21   codefendants had just been added to the case.  *Id.* at 6.  Counsel for codefendants Miller

22   and Paluch asserted that they were in no position to go to trial in September.  *Id.*  Lewis'

23   counsel then moved on the record to sever the trial, and Judge Jenkins presumably

24   rejected the oral motion, instead stating that he would schedule a hearing for any motion to

25   sever.  Concerned with maintaining the September 20, 1999 trial date, Lewis' counsel

26   offered to file the motion to sever within two days, such that it could be heard at the pretrial

27   conference on September 2, 1999.  *Id.* at 8.

28       It's not entirely clear what happened next, but the transcripts show that Judge

United States District Court

For the Northern District of California

Jenkins then vacated the September 20, 1999 trial date, and set a September 16, 1999 hearing date on Lewis' motion to sever.  It appears that Judge Jenkins vacated the trial based on Miller and Paluch's need to review discovery and prepare for trial, and based on the absence of a motion to sever from Lewis.  Judge Jenkins did not rule any further on the exclusion of time at the August 11, 1999 status conference.  Accordingly, time would have remained excluded for the reasons stated by Judge Jenkins at the May 6, 1999 or July 29, 1999 hearings.

Subsequently, on August 13, 1999, two days after Judge Jenkins vacated the September 20, 1999 trial date, Lewis' counsel filed a "notice of non-filing of motion to sever."  In that notice, Lewis' counsel stated that since the court had vacated the September 20, 1999 trial date, he was unavailable to try the case prior to February or March 2000 based on other trials for which he was lead counsel.  Govt Exh. I.  Lewis' counsel noted that it was therefore "pointless to request a separate trial for Lewis on the grounds that he should not have to wait preparation of the case by counsel for his new codefendants."  *Id.*  Counsel further stated that it was possible that other grounds for a motion to sever existed, but that he was not aware of them at the time since codefendants' counsel had not yet familiarized themselves with the case.  *Id.*  Finally, Lewis' counsel again reiterated that he would be unavailable for a year beginning on August 1, 2000, because he would be relocating to The Hague.

In the February 1, 2001 ruling on Lewis' motion to dismiss, Judge Jenkins noted that time during this period was excludable under § 3161(h)(7).

At the September 2008 hearing, Lewis asserted that his arguments with respect to this sub-period are essentially the same as they were with respect to the prior sub-periods. The government argued that in addition to § 3161(h)(7) and § 3161(h)(8), a portion of this period - from August 5, 1999 until September 2, 1999, may also be excluded under § 3161(h)(1)(F) based on the government's motion seeking a handwriting exemplar from Miller.

Additionally, in its reply brief, the government raised another argument that is

United States District Court

For the Northern District of California

relevant to this period of time, and also to those that follow.  Relying on *United States v. King*, the government argued that the STA clock was reset when Lewis was arraigned on the superseding indictment which added Paluch and Miller.[9]  483 F.3d 969 (9th Cir. 2007).  As noted above, because the government did not advance the argument in its opening motion and Lewis had not had an opportunity to respond to it, the court ordered supplemental briefing on the issue following the September 24, 2008 hearing.

In his supplemental brief, Lewis argues that the STA clock was not reset by the superseding indictment adding Miller and Paluch.  First, he contends that the superseding indictment could not reset the clock because, for all the reasons already argued, the STA had already been violated at the time of his arraignment on August 11, 1999.  Additionally, Lewis argues that the one-year delay in adding Paluch and Miller was unreasonable.  He contends that the case was not that complex, and that the government did not need one year to indict Paluch and Miller.  Finally, Lewis contends that the *overall* delay associated with Miller and Paluch was unreasonable.

In its reply, the government disagrees that an STA violation had already occurred at the time of the superseding indictment.  However, it concedes that if a violation had indeed already occurred, the STA clock would not have been reset by the superseding indictment.  The government also suggests that the one-year delay in adding Paluch and Miller was reasonable since it resulted from "a long-term international undercover investigation [that began in] September 1998, only after which an overt investigation into [Lewis'] Arizona confederates [Miller and Paluch] could be started."

**Judge Jenkins' Ruling:** Judge Jenkins appears to have excluded time during this period under § 3161(h)(7), and perhaps § 3161(h)(8).

**This court's findings:**  First, the court finds that the very short time period from August 5 - August 11, 1999, when Lewis was arraigned on the second superseding

_____

[9]The government mistakenly asserts that Lewis was arraigned on the superseding indictment in July 1999; however, he was not arraigned on it until August 11, 1999, as set forth above.

United States District Court

For the Northern District of California

1 indictment, was excludable under § 3161(h)(1)(F) based on the government's motion for a

2 handwriting exemplar.

3      Second, the court finds that the STA clock was indeed reset when Lewis was

4 arraigned on the superseding indictment on August 11, 1999.  The filing of a superseding

5 indictment that adds a new defendant restarts the STA clock for all defendants.  *King*, 483

6 F.3d at 973-74.  There are, however, some exceptions to this general rule.  For example,

7 as the parties note, if the STA has already been violated at the time of the superseding

8 indictment, the clock will not be reset.  *See id.* (citing *United States v. Gambino,* 59 F.3d

9 353 (2d Cir. 1995)).  Additionally, the court also considers whether or not the delay in

10 adding the defendants was reasonable.  *Id.*

11      Here, the STA had not been violated at the time Lewis was arraigned on the second

12 superseding indictment.  The court has found that only 28 days, from March 18, 1999 until

13 April 15, 1999, were not excludable.  Moreover, in accordance with the Ninth Circuit's

14 decision in *King*, the court does not find the delay in adding Miller and Paluch to the case to

15 have been unreasonable.

16      In *King,* on May 8, 2003, the defendant was indicted along with two other

17 coconspirators on multiple counts of conspiracy and bank fraud.  483 F.3d at 970.

18 Approximately seven months later, on December 3, 2003, the government filed a

19 superseding indictment that charged the defendant with an additional twelve counts of bank

20 fraud and also added a new codefendant.  *Id.* at 971.  The trial was continued to allow the

21 most recently added codefendant time to prepare a defense.  *Id.*  However, several months

22 later, the newest codefendant pled guilty and agreed to cooperate with the government.  *Id.*

23  Soon after, on December 16, 2004, the government filed a second superseding indictment

24 that added no new charges, and simply eliminated reference to the codefendant who had

25 pled guilty.  *Id.* at 971.  Defendant King then moved to dismiss based on STA grounds,

26 arguing that his STA clock was not affected by the December 3, 2003 superseding

27 indictment adding a codefendant.  On January 26, 2005, the district court denied the

28 motion, and that same day, the government filed a third superseding indictment that also

did not add any new defendants. King's trial commenced February 8, 2005, and then due to a mistrial, he was retried in April 2005, after which the jury found him guilty of several charges.

On appeal, King argued that the superseding indictments were simply attempts by the government in that case to manipulate the speedy trial clock, and therefore, that they did not reset the clock as to him. The Ninth Circuit found that there was no evidence of purposeful manipulation by the government. *Id.* at 974. The court further found that the nearly seven month delay in adding the codefendant was reasonable and performed in good faith. *Id.* It therefore concluded that King's STA clock was synchronized with that of his codefendant. *Id.*

Here, the one year delay in adding Paluch and Miller was reasonable given the complexity of the case and the multiple investigations. Accordingly, Lewis' STA clock was synchronized with Miller's and Paluch's STA clocks, and was reset when Lewis was arraigned on August 11, 1999.

The court rejects Lewis' suggestion that the Ninth Circuit requires it to consider the "totality of the circumstances," or in other words, the overall delay, in determining whether Lewis' STA clock was reset. The case Lewis cites, *Messer*, is inapposite because it did not involve the resetting of a defendant's STA clock based on the filing of a superseding indictment adding a codefendant. 197 F.3d at 338 n. 8. Instead, *Messer* simply involved the analysis of a § 3161(h)(7) continuance. *Id.* The controlling Ninth Circuit case, *King*, does not require this court to consider the totality of the circumstances in conjunction with its inquiry regarding the resetting of the STA clock. 483 F.3d at 973-74.

Thus, as for the remainder of this sub-period, August 11, 1999 - September 16, 1999, the court finds that time was excludable under § 3161(h)(7) and § 3161(h)(8).

### vi.    September 16, 1999 - December 13, 1999

At a September 16, 1999 hearing, Lewis again reiterated that he wouldn't be filing a motion to sever. He also indicated that he was not planning to file *any* motions, and that he

29

United States District Court
For the Northern District of California

1    was ready to the try the case.[10]  Govt. Exh. J, at 6.  However, counsel for one of Lewis'

2    codefendants indicated that Lewis' codefendant would indeed be filing pretrial motions,

3    including a motion to sever.  Judge Jenkins then set a hearing date on the pretrial motions

4    for January 13, 2000.

5         Counsel for one of Lewis' codefendants subsequently stated on the record that: "We

6    have discussed among counsel, and I certainly would believe, that the case is complex,

7    and I would concur in a government request to find excludable time because of complexity

8    of the case."  *Id.* at 7.  Although Judge Jenkins did not provide a specific provision for

9    excluding time, it was presumably excluded again under § 3161(h)(7) and (8).  The court

10   further noted that discovery was ongoing (at least for Lewis' codefendants).  *Id.*

11        In its February 1, 2001 ruling on Lewis' motion to dismiss, the court noted that time

12   was excludable during this period under § 3161(h)(7) and in the "interests of justice" under

13   § 3161(h)(8)

14        At the September 2008 hearing on this motion, both the government and Lewis

15   reiterated that their arguments regarding this period were the same as above.

16        **Judge Jenkins' Ruling**: Judge Jenkins excluded time during this period under §

17   3161(h)(7) and § 3161(h)(8).

18        **This court's findings:** This court similarly finds that time was excludable under §

19   3161(h)(7) and § 3161(h)(8).

20                    **vii.    December 13, 1999-January 13, 2000**

21        On December 13, 1999, codefendant Paluch filed a motion to sever, in which Miller

22   joined.  Both Paluch and Miller sought severance from Wong and Lewis, but not

23   necessarily from each other.  Paluch and Miller argued that the evidence against Wong and

24   Lewis was far more damaging than that against them, and that there was a danger of spill-

25   over.  On December 27, 1999, Lewis joined in both of his codefendants' motions.

26   Additionally, Lewis noted that severance was required for practical reasons – the need to

27   _____

28        [10]Although he was technically ready, counsel nevertheless had scheduling conflicts until
     February 2000.  Govt. Exh. J, at 6.

United States District Court
For the Northern District of California

1   go to trial before his counsel left the country on August 1, 2000.

2   Judge Jenkins ruled that this period was excludable under §§ 3161(h)(1)(F) and §

3   3161(h)(7).

4   Lewis concedes that this period was excludable under § 3161(h)(1)(F) based on the

5   pending motion. *See* Oppos. at 16.  However, at the September 2008 hearing, Lewis noted

6   that he contested the § 3161(h)(7) exclusion, and argued that he should not have been

7   joined with any codefendants at this time.

8   **Judge Jenkins' Ruling:** Judge Jenkins excluded time during this period under §

9   3161(h)(7) and § 3161(h)(1)(F).

10   **This court's findings:** This court similarly finds that time during this period was

11   excludable under § 3161(h)(7) and § 3161(h)(1)(F).

12   **viii.    January 13, 2000 - May 9, 2000**

13   At the January 13, 2000 hearing, Judge Jenkins denied the motion to sever.  He

14   noted that contrary to the defendants' motion papers, he did not "see necessarily the kind

15   of prejudice that is required to grant a severance merely from allowing the government to

16   establish and prove its claims coterminously."  January 13, 2000 Transcripts at 6-7.  The

17   court also ruled that although the codefendants' defenses were somewhat inconsistent,

18   they were not irreconcilable such that they required severance.  *Id.* at 7-8.

19   Paluch's counsel clarified at the hearing that the purpose of the motion was not

20   necessarily to sever Paluch and Miller from each other, but from Lewis.  *Id.*  at 10.  Judge

21   Jenkins agreed, noting that "[t]hat was pretty clear to me.  If there is someone who goes [it]

22   is Mr. Lewis and these two guys [Paluch and Miller] get tried together."  *Id.*  Lewis' counsel

23   also reiterated his speedy trial rights, which the court acknowledged, noting: "I am sensitive

24   to your concern and you're right, you have been – you've wanted to get to trial in a much

25   more expeditious fashion and I have denied those requests.  And I am aware of that."  *Id.* at

26   16-17.

27   Judge Jenkins ultimately denied the motions to sever, ruling that joinder was

28   appropriate under Federal Rule of Criminal Procedure 8, and that it would deal with

31

**United States District Court**

For the Northern District of California

1    variance issues further down the road.  *Id.* at 21.[11]  He did not, however, address Lewis'

2    speedy trial concerns in conjunction with the prejudice issue.  He then set a trial date for

3    July 3, 2000, approximately one month prior to the date on which Lewis' counsel was due

4    to leave for The Hague.

5         Judge Jenkins then excluded time under § 3161(h)(1)(F) based on the government's

6    pending April 15, 1999 motion regarding the presentation of agent testimony.  In ruling on

7    Lewis' subsequent motion to dismiss on February 1, 2001, Judge Jenkins confirmed that

8    time during the entire period from January 13, 2000 through May 8, 2000 was excludable

9    under both §§ 3161(h)(7) and § 3161(h)(1)(F).  However, as noted, on appeal, the Ninth

10   Circuit held that time during this period was not excludable based on the motion regarding

11   agent testimony under § 3161(h)(1)(F).  *See* 349 F.3d at 1121.  Accordingly, both parties

12   agreed in their motion papers that these 117 days were not excludable.

13        However, at the September 2008 hearing, the court noted that although Judge

14   Jenkins excluded time under both §§ 3161(h)(7) and § 3161(h)(1)(F), the Ninth Circuit only

15   addressed the § 3161(h)(1)(F) ground.  It further noted that the Ninth Circuit did not clarify

16   whether this court should consider the § 3161(h)(7) exclusion pursuant to *Lewis II*'s

17   remand.

18        In response, Lewis argued that the law of the case doctrine prevented this court from

19   considering whether the 117-day period could have been excluded under § 3161(h)(7).  He

20   asserted that even though the Ninth Circuit did not discuss the issue, the fact that it

21   reversed and remanded the case in *Lewis I* indicated that the Ninth Circuit implicitly

22   decided that this period was not excludable under § 3161(h)(7).

23        The government noted, though, that in *Lewis II,* the Ninth Circuit directed this court

24   _____

25        [11]The court notes that the government also construes Judge Jenkins as having ruled
     that Paluch, Miller, and Lewis would be tried separately from Wong.  Although the court was
26   unable to discern that ruling from the transcripts that it reviewed, that is indeed what the minute
     entry reflects.  See Govt Exh. K.  Accordingly, the government notes that as of January 13,
27   2000, Wong was no longer subject to trial with Lewis and that there is no basis for the
     government to argue any subsequent exclusions of time under § 3161(h)(7) based on Lewis'
28   joinder with Wong.  Govt. Mot. at 14.

United States District Court

For the Northern District of California

1  to look at *all* periods of excludable time, and that this directive could be interpreted to allow

2  this court to consider whether this period of time was alternatively excludable under §

3  3161(h)(7).  The government further argued that even though Judge Jenkins had not

4  excluded the period under § 3161(h)(8) as well, that the time could also be excluded under

5  that section based on the complexity of the case.  It noted that Judge Jenkins had made

6  the most recent § 3161(h)(8) complexity finding several months earlier, on August 11,

7  1999, at the defendants' arraignment on the superseding indictment.

8      **Judge Jenkins' Ruling:** Judge Jenkins excluded time during this period under §

9  3161(h)(7) and § 3161(h)(1)(F).

10      **This court's findings:**  It is clear in the Ninth Circuit that a § 3161(h)(8) finding

11  "must be justified [on the record] with reference to the facts *as of the time the delay is*

12  *ordered.*"  *Lloyd*, 125 F.3d at 1268 (emphasis added).  Accordingly, this court declines to

13  find any time periods excludable under § 3161(h)(8) that were not previously deemed

14  excludable under that section by Judge Jenkins in the first instance.

15      Like the parties, this court is uncertain as to whether the Ninth Circuit's remand order

16  prevents it from reaching the § 3161(h)(7) grounds for exclusion.  If the Ninth Circuit's order

17  forecloses such consideration, then obviously there is no question that the 117 days are not

18  excluded.  However, this court's review of the Ninth Circuit's decision in *Lewis I* suggests

19  that the appellate court may have overlooked Judge Jenkins' February 1, 2001 ruling on

20  Lewis' motion to dismiss, to the extent that the appellate court suggests that §

21  3161(h)(1)(F) was Judge Jenkins' *only* basis for excluding time during this period.  *See* 349

22  F.3d at 1120 (noting that "[t]he district court relied on this [§ 3161(h)(1)(F)] provision to

23  exclude the entire period from April 15, 1999, when the government filed its motion to allow

24  Morrison [the agent] to testify non-sequentially, until January 11, 2001, when it granted that

25  motion," and failing to mention that district court also relied on § 3161(h)(7)).  If the failure

26  to mention the second basis for exclusion was not intentional, the law of the case doctrine

27  would not prevent this court from reaching the § 3161(h)(7) grounds.  If this court is

28  permitted to review grounds other than § 3161(h)(1)(F), it would agree with Judge Jenkins

1    that time is excludable under § 3161(h)(7).

2                   **ix.    May 9, 2000-June 8, 2000**

3         Two motions were filed and heard during this period of time.  First, on May 9, 2000,

4    codefendant Paluch filed a motion to continue the July 3, 2000 trial date by sixty days,

5    asserting that he needed additional time to prepare for trial.  On May 16, 2000, Lewis filed a

6    response to the motion, noting that he needed "to persist in his longstanding request for a

7    speedy trial."  Subsequently, on May 30, 2000, Lewis filed a motion asking the court to

8    reconsider its denial of the motion to sever.  Lewis argued for reconsideration "based on

9    the serious prospect that a joint trial will not be able to be concluded prior to Mr. Lewis'

10   counsel's unavailability" and also based on improper joinder under Federal Rule of Criminal

11   Procedure 8(b).

12        Additionally, on June 2, 2000, the government filed two other pretrial motions (which

13   were subsequently relied on by Judge Jenkins in his later ruling on a motion to dismiss filed

14   by Lewis), a motion to exclude expert testimony and a motion to introduce Federal Rule of

15   Evidence 404(b).  Neither of those motions were resolved, however, until the January 11,

16   2001 pretrial conference, the same hearing at which the government's April 15, 1999

17   motion regarding presentation of agent testimony was finally resolved.

18        In ruling on Lewis' subsequent motion to dismiss on February 1, 2001, Judge

19   Jenkins noted that time for this period was excludable under § 3161(h)(7) and §

20   3161(h)(1)(F).

21        Lewis concedes that this period was excludable under § 3161(h)(1)(F) based on

22   Paluch's motion to continue the trial and Lewis' motion for reconsideration.  *See* Oppos. at

23   16.  However, at the September 2008 hearing, Lewis confirmed that he objected to

24   exclusion under § 3161(h)(7).  He asserted that his arguments with respect to this period

25   are the same as those above, but added that as of May 9, 2000, he would have been

26   waiting for approximately one and one-half years to go to trial.  The government responded

27   that to the extent there was a motion pending as filed by a codefendant, it was reasonable

28   under § 3161(h)(7) for Lewis, whose STA clock was synchronized with that of his

**United States District Court**

For the Northern District of California

1    codefendants, to be carried along by the pendency of that motion.

2        **Judge Jenkins' Ruling:** Judge Jenkins excluded time during this period under §

3    3161(h)(7) and § 3161(h)(1)(F).

4        **This court's findings:** This court similarly agrees that time during this period is

5    excludable under both § 3161(h)(7) and § 3161(h)(1)(F).

6                    **x.    June 8, 2000 - July 13, 2000**

7        At the June 8, 2000 hearing, Judge Jenkins granted Paluch's motion to continue the

8    trial, and denied Lewis' motion for reconsideration of his motion to sever.  June 8, 2000

9    Transcripts at 8-9.  In denying Lewis' motion for reconsideration, the court noted:

10           Ultimately, I think at the end of the day where we come and my inclination
             would be is we probably need to talk about your client obtaining new counsel,
11           with the possibility looming large that Mr. Wong is going to be present. . . .

12   *Id.*  The court then excluded time under § 3161(h)(8) for the effective preparation of

13   Paluch's counsel, and also under § 3161(h)(7), until the next status conference, which it set

14   for July 13, 2000. Transcripts at 11.

15       On June 15, 2000, Dean Paik was appointed counsel for Lewis and substituted in for

16   Lewis' prior trial counsel.  In ruling on Lewis' subsequent motion to dismiss on February 1,

17   2001, Judge Jenkins confirmed that time during the period from June 8, 2000 - July 13,

18   2000 was excludable under §§ 3161(h)(7) and § 3161(h)(8).  Judge Jenkins also held that

19   time was excludable under § 3161(h)(1)(F) based on the government's pending motion

20   regarding agent testimony.

21       Lewis disputes that any of this time was excludable.  There is, however, no dispute

22   that given the Ninth Circuit's ruling in *Lewis I*, this time may not be excluded under §

23   3161(h)(1)(F) based on the government's pending motion regarding agent testimony.

24       At the September 2008 hearing, the government nevertheless argued that time was

25   indeed excludable under § 3161(h)(1)(F) based on two other motions that it filed on June 2,

26   2000.  One of those was a motion to exclude expert witness testimony regarding Lewis'

27   mental condition, and the other was the government's notice of intent to introduce evidence

28   of other crimes.  The government noted that both of the motions were resolved at the

**United States District Court**

For the Northern District of California

1    pretrial conference in January 2001.  It argued that time would have been excluded during

2    the entire period from June 8, 2000 until July 13, 2000 based on those pending motions.

3        Lewis disagreed.  He argued that under *Lewis I*, time is not excludable where the

4    delay in the *trial* causes the delay in hearing the motion.  He contended that the Ninth

5    Circuit's holding regarding the agent testimony motion in *Lewis I* applied to the other two

6    motions as well.  Lewis asserted that under *Lewis I*, where the defendant repeatedly asks

7    the court to set the case for trial, and the defendant is otherwise ready to proceed to trial,

8    the government's pending and relatively insignificant motions cannot serve as a basis for

9    excluding time.

10       The government then responded that the court need not reach whether or not this

11   period was excludable under § 3161(h)(1)(F) because it was nevertheless excludable for

12   the reasons proffered by Judge Jenkins under § 3161(h)(7) and § 3161(h)(8).  In its papers,

13   the government conceded that at this point, the § 3161(h)(7) exclusion could no longer

14   have been based upon joining Wong, but was now based exclusively on the joinder of

15   Paluch and Miller.

16       **Judge Jenkins' Ruling:** Judge Jenkins excluded time during this period under §

17   3161(h)(7), § 3161(h)(8), and § 3161(h)(1)(F).

18       **This court's findings:** The court finds that time during this period was excludable

19   under § 3161(h)(7) and § 3161(h)(8).  It rejects the government's argument that time was

20   also excludable under § 3161(h)(1)(F) based on the government' motions to exclude expert

21   testimony and to introduce Rule 404(b) evidence.  In *Lewis I,* the Ninth Circuit held "that in

22   the circumstances of this case, where it is clear that the delay in the trial caused the delay

23   in the hearing, rather than the other way around, *and* where the defendant repeatedly

24   asked the court to set the case for trial and was otherwise ready to proceed to trial, the

25   government's pending (and relatively unimportant) motion [regarding agent testimony]

26   could not serve as a basis for [excluding time]."  349 F.3d at 1121.  Like the motion

27   regarding agent testimony, the hearing on the motions regarding Rule 404(b) evidence and

28   to exclude expert witness were similarly "repeatedly postponed without the slightest

United States District Court

For the Northern District of California

1    discussion, because the court wished to hear the motion[s] at the pretrial conference, which

2    was repeatedly rescheduled [itself]." *Id.*  Although there is some merit to the argument that

3    the Rule 404(b) and expert testimony motions may be more significant than the motion

4    regarding agent testimony, that simply is not a strong enough basis for distinguishing these

5    two motions from the agent testimony motion at issue in *Lewis I*, since all three motions

6    were treated identically by Judge Jenkins.

7                    **xi.    July 13, 2000 - February 20, 2001**

8            At the September 24, 2008 hearing, Lewis conceded that he was not contesting

9    exclusion of the above period of time after which his current counsel, Paik, had entered the

10   case.  However, the court nevertheless sets forth below the remaining events leading up to

11   Lewis' trial, including Judge Jenkins' rulings, in the interest of providing a complete picture

12   for the appellate court.

13           On July 13, 2000, Judge Jenkins held a status conference at which Lewis' new and

14   current counsel, Paik, requested additional time to review discovery in the case.  The court

15   granted the request.  Subsequently, at an August 24, 2000 status conference, the

16   government informed the court that Wong would likely be in the district within one week.

17   Based on that representation, the court continued the status conference until September

18   14, 2000, and excluded time under § 3161(h)(8)(A) and (B) based on the complexity of the

19   case, the extensive discovery, and for effective preparation of counsel.

20           Meanwhile on August 30, 2000, Wong made his first appearance.  Subsequently, at

21   a September 14, 2000 status conference, at which Judge Henderson presided for Judge

22   Jenkins,  Lewis' counsel objected to a December 11, 2000 trial date, noting that he was still

23   reviewing discovery.  Lewis' counsel further noted that "with Wong coming into the case,

24   [Lewis'] desire would be to try to kick it into the early part of next year [2001]."  September

25   14, 2000 Transcripts at 5.  Specifically, Lewis' counsel noted that there were nearly 300

26   tapes in the case, and that he felt obligated to review them all himself.  *Id.* at 6.

27   Government counsel concurred that Lewis' counsel's request for a trial in early 2001 was

28   reasonable.  Judge Henderson then set a January 21, 2001  trial date for all four

United States District Court

For the Northern District of California

1  codefendants - Lewis, Paluch, Miller, and Wong.

2      However, on December 13, 2000, Wong pled guilty and agreed to cooperate in the

3  government's prosecution of Lewis.

4      On December 20, 2000, Lewis filed a motion to dismiss based on STA violations.  In

5  that motion, Lewis argued that his STA rights had been violated because it had been

6  almost two years since he was ready to go to trial.  He contended that the sheer length of

7  the delay was enough to render it unreasonable.  He further argued that he had been

8  prejudiced by the delay because it enabled the government two years in which to extradite

9  Wong, obtain a plea from him, such that Wong was able to cooperate in its prosecution

10  against Lewis.

11      At a January 11, 2001 pretrial conference, the court indicated that it was currently in

12  trial, with another trial set to begin on its heels, and that the trial date for the case would

13  need to be pushed out a few weeks.  The court tentatively continued the trial to February

14  12, 2001, and set Lewis' motion to dismiss for hearing on February 1, 2001.

15      On February 1, 2001, the court continued the trial from February 12, 2001 to

16  February 20, 2001.  The court also denied Lewis' motion to dismiss for STA violations,

17  concluding that less than 70 days had elapsed on the speedy trial clock.

18      The trial commenced on February 20, 2001.

19                          **CONCLUSION**

20      In sum, Judge Jenkins' rulings, and this court's *de novo* rulings are as follows:

| Time Period | Number of Days | Judge Jenkins' Ruling(s) | This Court's Ruling(s) |
|---|---|---|---|
| October 1, 1998 - February 11, 1999 | 134 | Excludable under § 3161(h)(8) | Not contested |
| February 11, 1999 - March 18, 1999 | 36 | Excludable under § 3161(h)(7) | Excludable under § 3161(h)(7) |

| | | | |
|---|---|---|---|
| March 18, 1999 - April 15, 1999 | 28 | Judge Jenkins declined to exclude time during this period on any basis. | Not contested |
| April 15, 1999 - May 6, 1999 | 21 | Excludable under § 3161(h)(8) and § 3161(h)(1)(F) | Excludable under § 3161(h)(1)(F) based on the government's motion to continue the trial |
| May 6, 1999 - July 29, 1999 | 85 | Excludable under § 3161(h)(7) and § 3161(h)(8) | Excludable under § 3161(h)(8) |
| July 29, 1999 - August 5, 1999 | 8 | Excludable under § 3161(h)(7) and § 3161(h)(8) | Excludable under § 3161(h)(7) and § 3161(h)(8) |
| August 5, 1999 - September 16, 1999 | 42 | Excludable under § 3161(h)(7) and § 3161(h)(8) | August 5, 1999 - August 11, 1999 excludable under § 3161(h)(1)(F); As of August 11, 1999, Lewis' STA clock was reset; August 11, 1999-September 16, 1999 excludable under § 3161(h)(7) and § 3161(h)(8) |
| September 16, 1999 - December 13, 1999 | 88 | Excludable under § 3161(h)(7) and § 3161(h)(8) | Excludable under § 3161(h)(7) and § 3161(h)(8) |
| December 13, 1999 - January 13, 2000 | 31 | Excludable under § 3161(h)(7) and § 3161(h)(1)(F) | Excludable under § 3161(h)(7) and § 3161(h)(1)(F) |
| January 13, 2000 - May 9, 2000 | 117 | Excludable under § 3161(h)(7) and § 3161(h)(1)(F) | If court is permitted by remand order to reach § 3161(h)(7) grounds, time is excludable on this basis. Otherwise, per the remand order, this period is not excludable under § 3161(h)(1)(F). |
| May 9, 2000 - June 8, 2000 | 29 | Excludable under § 3161(h)(7) and § 3161(h)(1)(F) | Excludable under § 3161(h)(7) and § 3161(h)(1)(F) |
| June 8, 2000 - July 13, 2000 | 35 | Excludable under § 3161(h)(7), § 3161(h)(8), and § 3161(h)(1)(F) | Excludable under § 3161(h)(7) and § 3161(h)(8) |

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    Accordingly, this court finds that at most, 145 days was not excludable.  This

2  includes 28 days from March 18, 1999 - April 15, 1999, and 117 days from January 13,

3  2000 - May 9, 2000.  However, as discussed above, if this court were permitted by the

4  Ninth Circuit's remand order to consider the § 3161(h)(7) grounds for exclusion with respect

5  to the January 13, 2000 - May 9, 2000 period, it would find that 117-day period is indeed

6  excludable under § 3161(h)(7).  If that were the case, then no STA violation would have

7  occurred because only 28 days would have passed untolled.

8    Assuming, however, that this court was not permitted to revisit the 117-day period

9  ruled on by the Ninth Circuit, then an STA violation would indeed have occurred, warranting

10  dismissal of the superseding indictment, and this court is thus required to consider whether

11  or not the dismissal should be with or without prejudice.  For purposes of the second stage

12  of briefing, the parties should assume that this court has found, as set forth above, that 145

13  days went untolled under the STA.  The parties should then address, weighing the

14  appropriate statutory factors, whether the dismissal should be with or without prejudice.

15  *See Lewis II*, 518 F.3d at 1177.  **The parties should not revisit or reargue any of the**

16  **arguments and/or issues already resolved in this stage one order in their stage two**

17  **briefs.  Any attempt to reargue or revisit these issues will be stricken.**

18    As set forth on the record at the September 24, 2008 hearing, the government's

19  opening stage two brief is due **two weeks** from the date of this order.  Lewis' opposition is

20  due **two weeks** after the government's opening brief.  The government's reply is due **one**

21  **week** after Lewis' opposition.   The court will notify the parties should further hearing be

22  necessary.

23    **IT IS SO ORDERED.**

24  Dated: December 10, 2008

25  _____
    PHYLLIS J. HAMILTON
    United States District Judge

26

27

28