JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH(CABN 163973)
Criminal Chief, San Francisco Division
    450 Golden Gate Avenue
    San Francisco, California 94102
    Telephone: (415) 436-7251

ROBERT S. ANDERSON (MBN 3099 )
Special Assistant United States Attorney
    105 E. Pine Street, Second Floor
    Missoula, MT 59803
    Telephone: 406-829-3322

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 04-0217 PJH |
| Plaintiff, | |
| v. | **GOVERNMENT'S "STAGE TWO" BRIEF IN SUPPORT OF DISMISSAL WITHOUT PREJUDICE** |
| BEAU LEE LEWIS , | |
| Defendant. | |

    The United States of America, by and through undersigned counsel, hereby files its "stage two" brief requesting dismissal of the charges in this matter without prejudice.

## I. ARGUMENT

    Assuming, as directed by the Court in its Order of December 10, 2008, that 145 days were untolled under the Speedy Trial Act (STA) between the arraignment of the defendant on October

UNITED STATES' BRIEF IN
SUPPORT OF DISMISSAL WITHOUT
PREJUDICE

1, 1998 and his trial in March 2001, three statutory factors, among others,[1] must be considered in deciding whether to dismiss the charges with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); *United States v. Medina*, 524 F.3d 974 (9th Cir. 2008). "[C]ourts are not free simply to exercise their equitable powers in fashioning an appropriate remedy, but, in order to proceed under the Act, must consider at least the three specified factors ." *United States v. Taylor*, 487 U.S. 326, 333, 108 S.Ct. 2413, 2417, 101 L.Ed. 2d 297 (1988). The decision must be based on the particular facts of each case; there is no presumption in favor of either sanction. *Id*. at 334, 108 S.Ct. at 2418.

**1. Defendant Lewis's Crimes Were Serious**

Felony crimes carrying a substantial penalty and/or those having a significant social impact are "serious" crimes. See, e.g. *United States v. Pena-Carillo*, 46 F.3d 879, 882 (9th Cir.) (illegal reentry after felony conviction is a "moderately serious offense") *cert. denied*, 514 U.S. 1122, 115 S.Ct. 1990, 131 L.Ed.2d 876 (1995); *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994) (conspiracy to distribute and aiding and abetting the manufacture of methamphetamine are undoubtedly serious); *United States v. Castle*, 906 F.2d 134, 138 (5th Cir.1990) (offense punishable by twenty years a serious offense); *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987) (the potential term of imprisonment is an indication of the seriousness of the offense; ten years a serious offense).[2]

---

[1] The Supreme Court has held that Congress intended prejudice to the defendant be weighed as a fourth factor and it is addressed herein. *United States v. Lewis*, 518 F.3d 1171, 1176 (9th Cir. 1984) (relying on *United States v. Taylor*, 487 U.S. 326, 333, 108 S.Ct. 2413, 2417, 101 L.Ed. 2d 297 (1988)).

[2] See *United States v. May*, 819 F.2d 531, 534 (5th Cir. 1987) (five counts of possession with intent to distribute controlled substances); *United States v. Stayton*, 791 F.2d 17, 21 (2d Cir. 1986) (trafficking in 200 kg. of phenylacetone to be used in methamphetamine manufacture); *United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986) (several counts involving a 'relatively small quantity' of substances); *United States v. Phillips*, 775 F.2d 1454, 1456 (11th Cir. 1985) (several offenses involving marijuana importation); *United States v. Brown*, 770 F.2d 241, 244 (1st Cir. 1985), *cert. denied*, 474 U.S. 1064 (1986) (distribution and conspiracy to distribute four ounces of cocaine with a wholesale value of $10,000); *United States v. Russo*, 741 F.2d 1264, 1267 (11th

UNITED STATES' BRIEF IN
SUPPORT OF DISMISSAL WITHOUT
PREJUDICE

1   Offenses that courts have not deemed sufficiently serious for purposes of this analysis
include, for example, mail theft of a ring (*United States v. Caparella*, 716 F.2d 976, 980 (2d Cir. 1983)) and mail theft of a check *United States v. Jervey*, 630 F. Supp. 695, 698 (S.D.N.Y. 1986).

In his first trial, Defendant Lewis was charged with, and convicted of, 17 felonies related to trafficking in protected wildlife including smuggling, which has a maximum penalty of 5 years imprisonment and a $250,000 fine; and money laundering, which has a maximum penalty of 20 years imprisonment and a $500,000 fine.  The convictions were based on Lewis's intentional importation, for resale, of six illegal shipments of approximately 125 animals protected by domestic law and international treaty, many of which died in transit.  Judge Jenkins sentenced the Defendant to 36 months imprisonment.  In Lewis's second trial, he was found guilty of a subset of these original felony offenses and was sentenced to 23 months in prison.   These crimes are "serious" within the context of the Act and the standard established by courts which have addressed this issue, as described above.

**2. Facts and Circumstances Of The Delay Do Not Justify Dismissal With Prejudice**

The second factor, the circumstances of dismissal, requires consideration of the government's reason for having violated the STA.  *United States v. Martinez-Espinoza*, 299 F.3d 414, 418 (5th Cir) cert. denied 123 S.Ct. 2662 (2003).  As has been exhaustively argued in prior pleading, the government litigated this complex case in a manner that sought to preserve the possibility of possibility of a joint trial including defendants Lewis, Wong, Burroughs and the Arizona defendants.  Defendant Lewis was not a peripheral player in the conspiracy charged; he was a leader and recruiter of others, decided what animals would be ordered, and arranged the timing and manner of the shipments with Wong and Miller.

The total non-excludable delay beyond the STA's 70-day deadline during the 17-month period between arraignment and trial amounts to, at most, 75 days.  It was the result of the

---

Cir. 1984) (several offenses involving methaqualone); *United States v. Carreon*, 626 F.2d 528, 533 (7th Cir. 1980) (one count of conspiracy to distribute heroin and seven counts of heroin distribution); *United States v. Veillette,* 654 F.Supp. 1260, 1263 (D. Me. 1987) (possession of 280 grams of cocaine with intent to distribute); *United States v. Green*, 582 F. Supp. 265, 267 (D. Colo. 1984) (one count of distribution of a schedule II drug).

UNITED STATES' BRIEF IN
SUPPORT OF DISMISSAL WITHOUT
PREJUDICE

government's (and Judge Jenkins's) good-faith reliance on the Act's exclusion of time for pre-trial motions.  The government respectfully suggests that only minimal "culpability for the delay-producing conduct" should accrue to the government for failing to foresee the Ninth Circuit's use of a footnote in *Clymer* to narrow the exclusion of time allowed for pre-trial motions decided prior to trial.  *United States v. Saltzman*, 984 F.2d 1087, 1093 (10th Cir. 1993),  *quoting United States v. Hastings*, 847 F.2d 920, 925 (1st Cir.1988).  Therefore, this prong of the analysis does not justify dismissal with prejudice.

**3. Impact Of Re-prosecution On The Administration Of The Speedy Trial Act And The Administration Of Justice**

The primary consideration when analyzing this factor is whether dismissal with prejudice is needed to penalize unexecuted and/or bad faith delay.  *Medina*, *supra* at 988, (relying on *United States v. Taylor*, 487 U.S.326, 343 (1988)).  Put another way, the question is whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in "prosecutorial misconduct that must be deterred to ensure compliance with the Act."  See, e.g. *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994).  When the charge is "serious," as it is here, "courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of prejudice."  *United States v. May*, 819 F.2d 531, 534 (5th Cir. 1987).

The only arguable prejudice here is delay and the change of attorneys between charging and trial.  Mere delay is not enough: the defendant has been un-detained throughout these proceedings and has made no assertion of missing or memory-impaired witnesses.  The defendant's discomfiture at the replacement of his first attorney is also insufficient to warrant a finding of substantial prejudice to him.  Mr. Lewis has been represented by appointed counsel throughout these proceedings.  His first attorney left the case in June 2000 to take a job overseas: his present counsel has represented him since, through two lengthy trials, appellate and post-appeal litigation.  At no time in these proceedings has the defendant expressed any complaint about the quality or attentiveness of his present counsel.  The Supreme Court has held that "the

UNITED STATES' BRIEF IN
SUPPORT OF DISMISSAL WITHOUT
PREJUDICE

right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 26 S.Ct. 2557 (2006), *quoted in United States v. Ensign*, 491 F.3d 1109, 1113 (9th Cir. 2007) [affirming trial court decision, over the defendant's objection, to terminate representation of appointed attorney].  Moreover, the loss of the defendant's first attorney and, arguably, a significant portion of the delay in this case, occurred at least in part because he did not seek a severance at the time he was seeking a prompt trial.  This fact is not insignificant: the procedural rules, the goals of judicial economy and common sense support the idea of jointly trying defendants who are charged together, especially in conspiracy cases.  The record in this case does not support a finding that dismissal with prejudice is necessary to penalize negligent or bad-faith delay or otherwise ensure a salutary impact on the administration of justice.  Indeed, the opposite conclusion is well-justified in light of the facts and circumstances leading to the apparent STA violation here.

## II. CONCLUSION

For all the reasons set forth herein, the government respectfully requests the Court dismiss the charges in this matter without prejudice.

Dated: December 24, 2008                             Respectfully submitted,


                                                     JOSEPH P. RUSSONIELLO
                                                     United States Attorney


                                                     _____/s/_____
                                                     ROBERT S. ANDERSON
                                                     Special Assistant United States Attorney

UNITED STATES' BRIEF IN
SUPPORT OF DISMISSAL WITHOUT
PREJUDICE

CERTIFICATE OF SERVICE

I, Rayneisha Booth, hereby certify that on the 24th day of December, 2008, I sent a true and correct copy of this memorandum and attachments by facsimile to:

Dean D. Paik, Esq.,
Cohen & Paik, LLP
177 Post Street, Suite 600
San Francisco, CA 94108
415-398-3900
Attorney for defendant Lewis


_____/s/_____
RAYNEISHA A. BOOTH
Legal Assistant

UNITED STATES' BRIEF IN
SUPPORT OF DISMISSAL WITHOUT
PREJUDICE