United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BEAU LEE LEWIS,

    Defendant.
_____/

No. CR 04-217 PJH

Related Cases CR 98-0165 PJH
                CR 99-0204 PJH

**SECOND ORDER RE: GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE**

The government's motion to dismiss the indictment without prejudice came on for hearing before this court on September 24, 2008. The government appeared through its counsel, Special Assistant United States Attorney Robert S. Anderson. Defendant Beau Lee Lewis ("Lewis") appeared through his counsel, Dean Paik.

**BACKGROUND**

A detailed factual and procedural background is set forth in this court's December 10, 2008 order. In sum, this case, originally assigned to the Honorable Martin J. Jenkins, was reassigned to the undersigned judge on April 25, 2008, following Judge Jenkins' departure from the court and after the Ninth Circuit remanded the case for further proceedings. Specifically, the Ninth Circuit remanded the case to "the district court to review the entirety of the pre[]trial delay suffered by Lewis and to make specific findings as to which periods are excludable under the [Speedy Trial Act ("STA")]." *United States v.*

*Lewis*, 518 F.3d 1171, 1177 (9th Cir. 2008) ("*Lewis II*"). The Ninth Circuit required this court "after making *clear and specific findings as to excludability*," to "weigh[] the statutory factors in assessing whether to dismiss the second indictment with or without prejudice." *Id.* (emphasis added).

On May 28, 2008, the court set a briefing schedule and a hearing date. In accordance with the Ninth Circuit's directive, the court advised the parties that it would decide the issue in two stages. The court ordered the parties to first brief the issue regarding the excludability of all of the periods of pretrial delay, and advised them that once the first issue was resolved, it would entertain briefing on the issue of whether or not the dismissal should be with or without prejudice.

A hearing was held on September 24, 2008, and on December 10, 2008, the court ruled on the "stage one" issues. The court found that, at most, 145 days were not excludable from Lewis' speedy trial clock. This included 28 days from March 18, 1999 - April 15, 1999, and 117 days from January 13, 2000 - May 9, 2000. The court further held, however, that if it was permitted by the Ninth Circuit's remand order to consider § 3161(h)(7) as grounds for exclusion with respect to the January 13, 2000 - May 9, 2000 period as an alternative to § 3161(h)(1)(F) which the Ninth Circuit held was not applicable, it would find the 117-day period excludable under § 3161(h)(7). The court noted that in such event, no STA violation would have occurred because only 28 days would have passed untolled.

However, the court further noted that assuming that it was not permitted to revisit the 117-day period ruled on by the Ninth Circuit, then an STA violation would have occurred, warranting dismissal of the superseding indictment, and requiring consideration of whether the dismissal should be with or without prejudice. For purposes of the second stage briefing, the court directed the parties to assume that it had found that 145 days went untolled under the STA, and to address, weighing the appropriate statutory factors, whether the dismissal should be with or without prejudice.

In accordance with the court's December 10, 2008 order, the government filed an

2

opening brief on the issue, to which Lewis responded. Although the court permitted the government to file a reply brief, it did not do so.

## DISCUSSION

**1.     Legal Standards**

The Speedy Trial Act generally requires that trial begin within seventy days of a defendant's indictment or his first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). If trial does not begin within the requisite time period and the defendant moves for dismissal prior to trial, the court must dismiss the indictment, either with or without prejudice. 18 U.S.C. § 3162(a)(2).

Whether to dismiss with or without prejudice is left to the "guided discretion of the district court." *United States v. Taylor*, 487 U.S. 326, 334-35 (1988). The statute does not prefer one remedy to the other. *Id.* The STA enumerates three factors, "among others," that must be considered in deciding whether to dismiss with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the STA] and on the administration of justice." 18 U.S.C. § 3162(a)(2). The Supreme Court has held that by use of the phrase "among others," Congress intended prejudice to the defendant to be a fourth factor weighed by the district court. *Taylor*, 487 U.S. at 333-34. The Ninth Circuit has recognized that "the sheer length of the period involved" can weigh toward a dismissal with prejudice. *United States v. Clymer*, 25 F.3d 824, 831-32 (9th Cir. 1994). The court is required to weigh all of the factors in making its determination. *See id.*

**2.     Analysis**

    **A.     Seriousness of Offense**

The Ninth Circuit has not explicitly defined "seriousness," but has found that the conspiracy to distribute and the aiding and abetting of the manufacture of cocaine and methamphetamine "are undoubtedly serious," and also that illegal reentry after a felony conviction is a "moderately serious offense." *Id.* at 831; *United States v. Medina*, 524 F.3d 974, 986 (9th Cir. 2008); *United States v. Pena-Carillo,* 46 F.3d 879, 882 (9th Cir. 1995).

While the standards for judging "seriousness" remain vague, the Fifth and District of Columbia Circuits have ruled that using the penalty as a measure of the severity of the crime is an appropriate method of analysis under the Speedy Trial Act. *See United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987); *United States v. Bittle*, 699 F.2d 1201, 1208 (D.C. Cir. 1983). However, courts have clarified that although the penalty is one factor to consider, it is not the sole factor. A district court "should judge the seriousness of an offense upon its own merits." *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1994). While a primary method of judging the seriousness of an offense is by comparing it to other crimes, that does not mean that a mechanical test based upon the Sentencing Guidelines must be used to label an offense "serious" or "not serious." *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994). Rather, the Speedy Trial Act's requirement that courts must consider "the seriousness of the offense" simply demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice. *Id.* The First Circuit has held that "the graver the crimes the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988).

In its supplemental brief, the government notes that Lewis was initially charged with and tried on seventeen felony charges related to the trafficking and smuggling of wildlife, and money laundering, and argues that these are "serious" offenses. It asserts that Lewis intentionally imported six shipments of approximately 125 animals protected by domestic law and international treaty, and that many of the protected animals died in transit. It further notes that Lewis' trafficking and smuggling convictions carried a maximum penalty of five years imprisonment along with a $250,000 fine, and that the money laundering conviction carried a maximum penalty of twenty years imprisonment and a $500,000 fine, even though Judge Jenkins ultimately sentenced Lewis to twenty-three months in prison.

In response, Lewis notes that he was only convicted of six of the seventeen charges, including five counts of smuggling wildlife and one count of conspiracy to smuggle wildlife. He argues that the potential penalty for wildlife smuggling is not severe because it is five

4

years or less. Additionally, Lewis argues that the specific characteristics of his offenses were not serious. He notes that at the time he first came into contact with the government agent, he was only eighteen years-old and had no prior criminal history. He also suggests that he was entrapped by the government, and that the jury would have acquitted him of all charges had it been properly instructed by the trial court. Lewis notes that an issue regarding the allegedly erroneous jury instruction is still pending before the Ninth Circuit.

The court finds that Lewis' offenses were "serious" under § 3162(a)(2). Although Lewis' sentence was less than five years, as noted above, the penalty is *not* the only relevant consideration. Looking at the specific circumstances of Lewis' crimes, the court finds the gravity of Lewis' misconduct to be significant. Lewis' offense was not limited to a single, isolated incident. Instead, over a significant period of time, he intentionally secured numerous unlawful shipments of protected wildlife not only in contravention of domestic and international law, but in "insult to societal interests" as well. *See id.* Some of the animals died in transit, completely defeating the purpose of the laws designed to protect them, while others were successfully smuggled into an alien environment, leading to potentially harmful effects on the animals themselves as well as the domestic environment. Defendant's youth and lack of criminal history, while factors that bear on his sentence, do not in anyway suggest a lack of seriousness of his crimes.

**B.    Facts and Circumstances of the Case**

When evaluating the facts and circumstances of the case which led to dismissal, the court is required to consider the government's conduct, specifically whether or not it evidences a "pattern of neglect" or bad faith, and also whether or not the defendant's conduct influenced the delay. *Taylor*, 487 U.S. at 339-40. Additionally, the court should consider the "sheer length" of the delay. *Clymer*, 25 F.3d at 832 (citing *Taylor*, 487 U.S. at 340).

The government argues that based on this court's December 10, 2008 findings, there was a maximum of seventy-five days that exceeded the STA's 70-day deadline. It

contends that this delay largely resulted from its own and from Judge Jenkins' (perhaps mistaken) reliance on the fact that the time could be excluded based on pending pretrial motions.

In response, Lewis argues that he remained "under the cloud of a pending indictment" for at least two years, four months and nineteen days, and that the sheer length of this delay favors dismissal. He further contends that the delay was not the result of the government's good faith, but instead arose from the government's "lackadaisical attitude toward compliance with the STA." Lewis also asserts that he was not responsible for the delay, noting that he in fact asked for a severance.

The court finds that this factor tips in favor of the government, in large part because the delay was not the result of its neglect or bad faith. Instead, the delay resulted from both Judge Jenkins' and the government's desire to enable a joint trial of the codefendants and to facilitate the efficient use of judicial resources.[1] Moreover, Lewis himself significantly contributed to the delay by failing to file a written motion to sever. It was appropriate for Judge Jenkins to decline to resolve the severance issue based on Lewis' oral motion, and to set a written briefing schedule and hearing date for the motion, which Lewis ultimately did not file. Given Lewis' role in the delay, the court concludes that the length of the delay, while not insignificant, does not shift this factor in Lewis' favor. Accordingly, the facts and circumstances of this case weigh in favor of dismissal without prejudice.

### C.    Impact of Reprosecution

With this factor, the court considers whether or not dismissal with prejudice is warranted in order to penalize the government for the delay and/or to send a message regarding the importance of the STA deadlines. *See Taylor*, 487 U.S. at 342; *see also Medina*, 524 F.3d at 988. Given the above findings, the court concludes that this factor also favors the government.

---

[1] The court nevertheless rejects the government's argument that it shouldn't be held responsible for failing to foresee the Ninth Circuit's decision in *Clymer,* which it contends narrowed the applicability of the exclusion based on pretrial motions.

6

**D.     Prejudice**

Finally, the court is required to consider the prejudice that Lewis suffered as a result of the pretrial delay. *Taylor*, 487 U.S. at 340. The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty. *Id.* The Supreme Court has noted:

> [I]nordinate delay between public charge and trial, . . . wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

*Id.* (quoting *Barker v. Wingo*, 407 U.S. 514, 537 (1972) (citations omitted)).

Lewis makes essentially two points regarding the prejudice that he claims resulted from the pretrial delay. First, he notes that as a result of the delay, he lost his original trial counsel based on counsel's previously existing obligation. Although the court finds this to be significant, even more significant is the fact that Lewis has made no claim that his substitute counsel, Mr. Paik, was inadequate or unprepared. Nor does Lewis contend that he has been prejudiced by the loss of memory of testifying witnesses or the loss of a witness due to the delay. Additionally, while Lewis cites the passage quoted above from *Barker v. Wingo*, he provides no evidence, not even his own declaration, establishing that his employment was disrupted, that his finances were depleted, or that his associations were curtailed. He was out of custody for the duration and was represented by appointed counsel.

Second, Lewis overstates the amount of delay attributable to any STA violation. He focuses on the overall time that the case has been pending, which includes not one but two appeals to the Ninth Circuit. Any defendant who has been convicted and is subsequently partially successful on appeal, given the amount of time it generally takes for both trial and appellate procedures to conclude, could make the argument that Lewis makes here. This argument would be stronger in a case involving a minor offense where it is clear that there will be little or no jail time or where a conviction is unlikely. Neither is the case here given convictions and sentences exceeding a year following both trials.

7

For these reasons, and in spite of the length of the delay, the court finds that this factor tips only slightly in favor of Lewis.

**CONCLUSION**

For the reasons set forth above, the court finds that three of the four factors favor the government, while one tips only slightly in Lewis' favor. Accordingly, the court concludes that to the extent an STA violation occurred, the indictment should be DISMISSED WITHOUT PREJUDICE, and GRANTS the government's motion.

**IT IS SO ORDERED.**

Dated: February 3, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge